IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Antwan Eugene Ford Sen El, | C/A No.: 0:13-446-CMC-PJG |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Clover Police Department; Phillip Hawkins, #311; C.B. Ford, #304; Sgt. Caldwell, #319; Selestino, #305; Rachel Ann Festa Fleming, Judge; Herman Melvin Howell, Judge, | |
| Defendants. | |

Antwan Eugene Ford Sen El ("Plaintiff"), a self-represented litigant proceeding *in forma pauperis*, brings this action alleging jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1332. (ECF No. 1 at 1.) Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the Complaint in accordance with applicable law, the court concludes that is should be summarily dismissed without prejudice and without issuance and service of process as to defendants Rachel Ann Festa Fleming and Herman Melvin Howell. In a separately docketed order, the court has authorized the issuance and service of process on the remaining defendants.

I.      Factual and Procedural Background

Plaintiff states that defendants "Caldwell, Hawkins, Ford and Selestino [officers of the Clover Police Department] came onto the premises of the religious establishment of

which I am a part known as the Moorish Holy Temple of Science" to deprive Plaintiff of his constitutional right to equal protection. (ECF No. 1 at 3.) The defendant officers allegedly arrested Plaintiff pursuant to three arrest warrants for traffic violations, issued in January of 2010. *Id.*; *see also* ECF No. 1-1. Plaintiff challenges the validity of the arrest warrants, because the affidavits supporting their issuance were not signed by the affiant. *Id.* State court judges Fleming and Howell are named for their respective roles in issuing and/or approving Plaintiff's arrest warrants. *Id.* at 2–3. Defendant Howell also allegedly signed a "bond hearing certification" related to Plaintiff's state court proceedings. *Id.* at 3. Plaintiff's arrest resulted in an overnight detention where he was "unable to eat because the food they offered [Plaintiff] did not conform to [his] dietary needs and the mandates of [his] religious beliefs." *Id.* at 4. Plaintiff further claims that the "Clover Police constantly stalked [Plaintiff's] Temple" resulting in Plaintiff having to move his family out of state. *Id.* Plaintiff, a resident of North Carolina, seeks monetary damages in excess of the amount required to invoke diversity jurisdiction. *Id.* at 1, 4.

II.     Discussion

    A. Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

PJG

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds,* 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff provides sufficient factual allegations against the Clover Police Department, Phillip Hawkins, C.B. Ford, Sgt. Caldwell, and Selestino to withstand summary dismissal of his claims. However, the judicial actions of Rachel Ann Festa Fleming and Herman Melvin Howell are protected from suit under § 1983 by the doctrine

PJG

of absolute immunity. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Absolute judicial immunity extends to judges and courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 432, 441–43 (3d Cir. 2000); *see also Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates). Such immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Further, judicial immunity protects a judge from suit, not just from ultimate assessment of damages. *Mireless*, 502 U.S. at 11. Because defendants Fleming and Howell are protected from suit by absolute immunity for judicial actions taken in Plaintiff's state court proceedings, these defendants should be summarily dismissed from the instant action.

III. Conclusion

Thus, the court recommends that the Plaintiff's claims against Defendants Fleming and Howell be summarily dismissed *without prejudice* and without issuance and service of process.

May 31, 2013  
Columbia, South Carolina

*/s/ Paige J. Gossett*  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).