IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Antwan Eugene Ford Sen El, | ) | C/A No. 0:13-446-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Clover Police Department; Phillip Hawkins, *#311*; C.B. Ford, *#304*; Sgt. Caldwell, *#319*; and Selestino, *#305*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Antwan Eugene Ford Sen El ("El"), a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment.[1] (ECF No. 43.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised El of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 44.) Before the defendants' filed their motion for summary judgment, it appears that El filed a preemptive response opposing any motion the defendants may file. (ECF No. 39.)

---

[1] The court previously summarily dismissed Defendants Rachel Ann Festa Fleming, Judge and Herman Melvin Howell, Judge, based on the doctrine of absolute immunity for their judicial actions. El appealed this decision, which is currently pending before the United States Court of Appeals for the Fourth Circuit. Generally, the filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*). However, the court finds that its final resolution of the remaining defendants' pending, dispositive motion for summary judgment involves aspects of the case unrelated to the appeal. Accordingly, it is properly considered by this court.



The defendants replied. (ECF No. 47.) Also pending is El's motion for judicial notice (ECF No. 46), to which the defendants responded in opposition (ECF No. 48). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

El's Complaint purports to assert causes of action under 42 U.S.C. § 1983 for false arrest, wrongful imprisonment, conspiracy to violate the Equal Protection Clause, and religious discrimination. These allegations stem from El's arrest that appears to have occurred on January 5, 2010 pursuant to three warrants issued on January 4, 2010.[2] El appears to allege that the affidavits supporting the arrest warrants were not properly signed, that the warrants were not properly issued, and that each of the defendants conspired to unlawfully imprison him, depriving him of equal protection of the laws. El also appears to allege that these actions were taken because of his affiliation with the Moorish Holy Temple of Science/Moorish Science Temple of America. (See generally Compl., ECF No. 1.)

The following additional facts, which El has not disputed, provide additional background on this incident. Defendant Officer C.B. Ford initiated a traffic stop on or about December 27, 2009 after observing El driving a 2009 Acura TSX containing a dark-tinted license plate cover that obstructed the vehicle's tag. Ford observed that the vehicle contained a Mu'ur Republic Diplomat tag # 77989A. El provided Ford with a Right to Travel card #215-21065023 issued by the Unity Washitaw de Dugdamoundyah Mu'ur Nation, but indicated that the vehicle did not belong to him and he did not have access to any registration or vehicle insurance for the car. El also indicated that

---

[2] Two of the warrants charge El with "Traffic/Operating vehicle with missing or incorrectly displayed license plate." (ECF No. 1-1 at 1, 3.) The third warrant charges El with "Traffic/Driving without a license - 1st offense." (Id. at 2.)



he did not possess a valid driver's license. Ford released El after Ford documented El's information. Following further investigation with the United States Department of State and other agencies, the defendants discovered that the Right to Travel card and the vehicle tag were not legitimate and obtained warrants for El's arrest. (See generally ECF No. 43-3.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The defendants first argue that El's claims are barred by the statute of limitations. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years.[3] See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). A federal cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*); see also Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990) (holding that federal law determines when a claim accrues).

El filed this action on February 15, 2013, which is outside the three-year statute of limitations. The court observes that El appears to argue that his Complaint was filed on or about January 4, 2013 based on his assertion that he originally filed his Complaint in this action in the

---

[3] To the extent that the defendants argue that El's claims against the defendants in their official capacities are subject to a two-year statute of limitations, the court disagrees. See Williams v. City of Sumter Police Dep't, C/A No. 3:09-2486-CMC, 2011 WL 723148 (D.S.C. Feb. 23, 2011) (discussing the applicable statue of limitations for § 1983 claims arising in South Carolina).



United States District Court for the Western District of North Carolina and that his Complaint was transferred to this district. (See ECF No. 46; see also ECF No. 1.) However, El's filings as well as the docket in this matter belie this assertion. (See ECF No. 1); see also Ford v. Clover Police Dep't, C/A No. 3:13-3-GCM (W.D.N.C.); cf. 28 U.S.C.A. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). El voluntarily dismissed his Complaint in the Western District of North Carolina and then refiled it in this district. As such, absent an applicable savings clause in the statute, El's statute of limitations period is not tolled during the pendency of his suit in the Western District of North Carolina that he later voluntarily dismissed without prejudice. See Dove v. CODESCO, 569 F.2d 807, 809 n.3 (4th Cir. 1978) ("The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. A corollary to that rule is that, absent a savings clause in the statute, the applicable limitations period is not tolled during the pendency of a suit later dismissed without prejudice."); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 (3d ed. 2008) ("[I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)."); Dean v. Pilgrim's Pride Co., 395 F.3d 471 (4th Cir. 2005) (holding that the statute of limitations period was not tolled by bringing an action that was later dismissed voluntarily under Federal Rule of Civil Procedure 41(a) and that the limitations period was not extended by West Virginia's savings statute). Accordingly, El has failed to present any circumstance warranting tolling. Therefore, the court finds that his Complaint was not timely filed.

**RECOMMENDATION**

Based on the foregoing, the court recommends that the defendants' motion for summary judgment (ECF No. 43) be granted and El's motion for judicial notice[4] (ECF No. 46) be denied.

                                                                        _____
                                                                        Paige J. Gossett
                                                                        UNITED STATES MAGISTRATE JUDGE

December 17, 2013
Columbia, South Carolina

            *The parties' attention is directed to the important notice on the next page.*

---

[4] In addition to asking the court to take judicial notice of case law that he appears to argue supports his claims, El appears to ask the court to take judicial notice that his Complaint was transferred from the Western District of North Carolina, which, as stated above, did not occur.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).