IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Antwan Eugene Ford Senior El,    )        C/A NO.  0:13-446-CMC-PJG
                                 )
            Plaintiff,           )
                                 )        **OPINION and ORDER**
    v.                           )
                                 )
Clover Police Department; Phillip )
Hawkins, #311; C.B. Ford, #304; Sgt. )
Caldwell, #319; Selestino, #305, )
                                 )
            Defendants.[1]       )
_____  )

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to  42 U.S.C. § 1983 and 28 U.S.C. § 1332.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On December 17, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's motion for judicial notice be denied and Defendants' motion for summary judgment be granted.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 2, 2014.

_____

[1]Two other Defendants, Rachel Ann Festa Fleming and Judge Herman Melvin Howell, previously were dismissed from this action by Order filed June 18, 2013.  ECF No. 24.  Plaintiff subsequently filed a Notice of Appeal to the Fourth Circuit Court of Appeals.  Normally, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)  (citation omitted).  As noted by the Magistrate Judge, resolution of the remaining aspects of this case is unrelated to the issues presented in Plaintiff's appeal.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's objections fail to address the substance of the Report's conclusion that this case was untimely filed. Plaintiff appears to argue that "federal law determines when a claim accrues[,]" Obj. at 3, and therefore his complaint was timely filed. While it is true that federal law determines when a claim accrues, *see Wallace v. Kato*, 549 U.S. 384 (2007), there is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. The seminal case regarding this issue is *Wilson v. Garcia*, 471 U.S. 261 (1985). In *Wilson*, the United States Supreme Court determined that § 1983 claims are best characterized as personal injury actions, and therefore, the analogous state statute of limitations for personal injury claims is the most appropriate statute of limitations. *See generally*, *Wilson*.

The Supreme Court subsequently addressed the same issue in an effort to clarify its opinion

2

in *Wilson*.  In *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court held that

> In *Wilson*, we sought to end this "conflict, confusion and uncertainty."  Recognizing the problems inherent in the case-by-case approach, we determined that 42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the most analogous state statute of limitations.  We concluded, based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, that § 1983 "confer[s] a general remedy for injuries to personal rights."  Because "§ 1983 claims are best characterized as personal injury actions," we held that a State's personal injury statute of limitations should be applied to all § 1983 claims.

*Owens*, 488 U.S. at 240-41 (internal citations omitted).

In South Carolina, the general or residual statute of limitations for personal injury claims is codified at S.C. Code Ann. § 15-3-530(5), which provides that the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . ."  This statute of limitations has been held to be the applicable statute of limitations for § 1983 claims in the United States District Court for the District of South Carolina in several cases.  *See*, *e.g.*, *Huffman v. Tuten*, 446 F. Supp. 2d 455 (D.S.C. 2006); *Ward v. Parole, Probation, and Pardon Bd.*, 2007 WL 3377163 (D.S.C. 2007) (unpublished); *Rowe v. Hill*, 2007 WL 1232140 (D.S.C. 2007) (unpublished).  As relates to the matter before the court, Plaintiff had three (3) years in which to file a § 1983 action in this court, which he did not do.  Therefore, his complaint was not timely filed.

Plaintiff's motion for judicial notice is denied.  Defendants' motion for summary judgment is granted and this matter is dismissed with prejudice as untimely filed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 7, 2014

3